

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 10, 1960

Honorable D. C. Greer
State Highway Engineer
State Highway Department
Austin 14, Texas

Opinion No. WW-946

Re: Whether Highway Depart-
ment may provide in its
bridge improvement con-
tracts that the contrac-
tor may keep the portions
of a dismantled bridge
not needed by the Depart-
ment, or whether such
materials must be disposed
of under Article 666 per-
taining to the Board of
Control.

Dear Mr. Greer:

Your opinion request reads as follows:

"Much of the work we do on the State Highway
System involves the replacement of existing bridges
which are too narrow or too weak to meet today's
traffic demands. On these jobs we have an item in
our contract which requires the contractor to dis-
mantle the old bridge. In the past we have retained
any of the materials in the bridge which were suit-
able for use on the State Highway System and have
allowed the contractor to retain any other materials,
even though they may have had some value. It was
felt that due to the great amount of competition in
the bidding on these jobs the value of the material
would be reflected in the bids on the other items
and that we had the authority to do this under Article
6674k, which states as follows:

'The State Highway Commission shall prescribe
the form of such contracts and may include therein
such matters as they may deem advantageous to the
State. Such forms shall be uniform, as near as
may be.'

"Some time ago we had Attorney General Opinion
O-6798 called to our attention wherein it was stated
that the Health Department could not trade unneeded
laboratory equipment for repair work on one of their

buildings but that the equipment would have to be sold under the provisions of Article 666.

"Would you please advise us whether the reasoning in that opinion applies to a contract for the improvement of the highway system or whether we have the authority to so dispose of such surplus property under the provisions of Article 6674k."

You have correctly quoted Article 6674k. This article is under Chapter 1, Title 116, setting up the State Highway Commission, providing for the awarding of contracts, the maintenance of highways, and allied matters. The broad language of Article 6674k concerning the contents of contracts was never designed nor intended to give the State Highway Commission the authority to override positive statutes on the alienation of the title to State's property. It deals with an entirely different subject.

In Attorney General Opinion O-6798, about which you inquire, this office held that the Health Department could not trade unneeded laboratory equipment for repair work on one of their buildings, the basis of the opinion being that same would have to be sold under Article 666. We quote from the opinion.

"The question here presented is whether public personal property which is no longer needed may be exchanged for work or services necessary in the repair of a public building. No authority for such an exchange has been found but to the contrary it appears that the disposition of the public personal property mentioned in your letter should be governed by Article 666, Vernon's Annotated Civil Statutes of Texas."

That opinion is very much applicable and would be our holding herein except for a recent statute later mentioned.

Article 666 provides for the disposition of either surplus property or salvage property under the direction of the Board of Control. Surplus property is defined to be "any personal property which is in excess of the needs of any State agency and which is not required for its foreseeable needs." Salvage property is defined to be "any personal property which through use, time, or accident is so depleted, worn out, damaged, used or consumed that it has no value for the purpose for which it was originally intended."

It seems very clear that if the component parts of this dismantled bridge are useful and usable but are simply not needed by the State that they would be surplus property. This is the way you describe them.  On the other hand, if (due to any of the things enumerated in the definition) they have no value for the purpose for which originally intended, clearly they would be salvage property.  Thus, it is inescapable that this property falls in one category or the other; it is either surplus property or it is salvage property.

Our Supreme Court in Chas. Scribner's Sons v. Marrs, 262 S.W. 622 held:  "If state authorizes a certain officer or legal body to contract for it in regard to a certain subject, no other officer or governmental agency can exercise the authority."

However, Article 666 has been amended and revamped by the Salvage and Surplus Act of 1957, which became effective September 1, 1957.  While the Board of Control, in the main, is still charged with the duty of disposing of surplus and salvage property, a notable exception is provided by Section 6.  We quote:

"Any state agency may offer surplus or salvage property which has become unfit for use as a trade-in on new property of the same general type when such exchange is in the best interests of the state." Article 666, Sec. 6.

This authority of "trade-in" is unlimited except as to the requirement that the new property be of the same general type as the surplus or salvage and that the exchange be in the best interests of the State.  It is not restricted to typewriters, automobiles, or any specific kind of property; it would apply with equal force to the materials used in the construction of a bridge.

Inquiry and inspection of your bridge contract forms reveal that the contracts are let upon unit bid price on many items.  Besides the various items of labor and construction there are items such as removing old bridge, structural steel beams, railing, piling, concrete and the many other things necessary to build the bridge.  Thus the contractor not only agrees to construct the bridge but also agrees to furnish the manifold materials requisite for the construction.  The Highway Department, therefore, literally "buys" from the contractor these items.  To say that a trade-in is not permitted for these materials is to engraft an exception on the statutes which the legislature did not see fit to put there.

You state in your opinion request it is felt that in the bidding the value of the material (the surplus) would be reflected in the bids on the other items. This is likely true in some instances, but is not necessarily so.

Unless the contractor has some definite idea as to what he may expect in the way of these materials his bid would likely reflect nothing by way of an allowance. Such indefinite and unknown materials as he might eventually receive might turn out to be a complete "give-away" by the State.

We have examined a bridge contract on a past construction job. A standard printed provision gives the contractor such dismantled materials as are left after the State has taken what it wants. However, in this instrument there is another sheet amendatory of the first one, wherein the materials to be taken by the contractor are specified. This should be done in every contract, and a slight addition to the bid sheets should be made, wherein the bidder shall specify how much allowance or trade-in credit will be given for the salvage and surplus materials. By doing these things you can make the deal a bona fide "trade-in," it will clearly come within the quoted part of Sec. 6 of Art. 666, and you will eliminate the question as to whether "such exchange is in the best interests of the State." Should you not want to dispose of these materials as suggested then the services of the Board of Control are open to you. The concluding portion of said Sec. 6 says:

> "And further provided that when requested by such agency or institution to do so, and under the terms and conditions set forth in Sections 4 and 5 above, the Board of Control will dispose of said property as provided for in this act."

It is therefore our opinion and we so hold that the State Highway Department may when applicable proceed under Section 6 of Article 666 independently of the Board of Control. This means that you may offer any surplus or salvage property taken from an old bridge, which has become unfit for use for your purposes, as a trade-in on the materials of the same general type which will go into the construction of the new bridge, when the Highway Department determines that such exchange is in the best interests of the State; we therefore see no objection to your making provision in your bridge contracts, under these circumstances, that the contractor may have such surplus or salvage property as a trade-in, but the contract should reflect the materials which the contractor will get and the amount of the allowance or trade-in credit.

## S U M M A R Y

Under Article 666, Section 6, the Highway Department may, independently of the Board of Control, provide in its bridge contracts for the trade-in of surplus or salvage property which has become unfit for use, the contract providing what materials the successful bidder will get and reflecting the amount of the trade-in credit on the new materials to go in the bridge, when, in the opinion of the Department, such exchange is in the best interests of the State.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _____
W. Ray Scruggs
Assistant

WRS:ncs

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Bill Allen
Ben Harrison
H. Grady Chandler

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Leonard Passmore